UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00258

**Brian Baughn**,
*Plaintiff,*

v.

**Unknown Sanders et al.**,
*Defendants.*

# ORDER

Plaintiff Brian Baughn, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 2.

On December 8, 2021, the magistrate judge issued a report recommending that plaintiff's case be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b). Doc. 22. Plaintiff sought and obtained several extensions of time to object to the report and ultimately filed a written objection on February 2, 2022. Docs. 25, 29, 30.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because plaintiff's amended complaint fails to state a claim for which relief can be granted. Doc. 32 at 10. A review of the amended complaint confirms that assessment.

In his objection, Plaintiff primarily reiterates his allegations that fellow inmates restrained him to a chair with plastic wrap and that the defendants did not assist him upon discovering him in the chair, beyond watching to see the plaintiff freeing himself, or take any action to report or punish the perpetrators. Doc. 30 at 1–3. He says he brought suit against the defendants "for their deliberate indifference" and asserts that being state employees "does not give or grant them immunity from being held accountable for their

negligence." *Id.* at 2, 6. For the reasons the magistrate judge explained, that does not meet the high bar to establish a federal constitutional violation. Doc. 22 at 4–6.

Plaintiff specifically objects to the finding that his circumstances did not pose a substantial risk of serious harm. He asserts that:

> [W]hen you are layed over sideways on the floor and restraint where you can't protect yourself from your attackers and a state employee walks in and see's you being attacked and in distress and does nothing to fully render aid then that's a big problem.

Doc. 30 at 5. But the plaintiff has never alleged anywhere in his pleadings or objection that the "attack" in question involved anything more than wrapping him to a chair. The plaintiff may have felt vulnerable and "in harm's way," *id.*, but he has not alleged any facts that suggest defendants knew he was at substantial risk of serious harm, as required to establish a constitutional violation. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The remainder of plaintiff's objection speculates about the source of payment for any damages assessed against the defendants and quarrels with the validity of the plaintiff's conviction. Doc. 30 at 2–3, 5–6. Both of these are irrelevant to whether the defendants have violated his constitutional rights in prison.

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules the plaintiff's objections and accepts the report's findings and recommendation. This case is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(b).

*So ordered by the court on February 9, 2022.*

J. CAMPBELL BARKER
United States District Judge